DUBBELDEE, et al, Respondents, v. MINNEHAHA COUNTY, et al, Appellants.

(253 N. W. 445.)

(File No. 7492.  Opinion filed March 19, 1934.)

*Louis N. Crill,* State's Attorney, of Sioux Falls, and *Walter Conway,* Attorney General, and *Benjamin D. Mintener,* Assistant Attorney General, for Appellants.

*Henry C. Mundt* and *W. O. Knight,* both of Sioux Falls, for Respondents.

POLLEY, J. This action is brought on behalf of Palisade township, an organized township in Minnehaha county, and should have been brought in the name of the township. The action is brought for the purpose of restraining and enjoining the board of county commissioners of said county from laying out and constructing secondary highways in said township, and paying for such highway work out of funds that have been apportioned to such township for the purpose of doing such work. Defendants answered on the merits. The case was tried to the court. Findings of fact, conclusions of law, and judgment were for the township, and the defendant appeal.

Appellant seeks to urge the point that this action should have been brought in the name of the township pursuant to section 6117, R. C. 1919. No sufficient record has been preserved and no proper assignment of error has been made to present that question on this appeal.

The disposition of highway funds, so far as this case is concerned, is provided for by section 1, chapter 184, Laws of 1931. This fund is derived from motor vehicle license fees, and, under the provisions of said section, is distributed as follows: "Forty-eight per cent of the funds collected for motor vehicle license shall be credited to the motor vehicle fund of the county in which it was collected, and an additional 30 per cent shall be retained by the county in whict it is collected and placed in a fund to be known as the Special Highway Fund. * * * "

In this case the fund involved is a part of this 30 per cent. This fund is to be used for the construction and maintenance of

highways in the county. If the county highway system has been completed, the entire 30 per cent shall be apportioned for use on the township roads; if the county highway system has not been completed, so much of said 30 per cent as the county board deems necessary shall be apportioned to the county to be used on the county highway system, and the balance of said 30 per cent shall be apportioned for use on the township roads. Said section further provides that: "If the county is fully organized into civil townships whose boundaries coincide with the boundaries of the congressional townships, it shall be apportioned equally among the said townships. In any case where a civil township shall have an area greater or less than an ordinary congressional township, such civil township shall be apportioned a sum in the proportion the area of such civil township bears to the area of the whole county. Said fund shall remain in the custody of the County Treasurer and shall be paid out only on warrants issued by the County Auditor in payment of claims for the construction, reconstruction or maintenance of roads and highways within the township highway system. In case any county shall contain unorganized territory, the amount that would have gone to said territory, if organized into civil townships, shall be retained by the county and expended by the county upon the construction, reconstruction, and maintenance of roads and bridges of said unorganized portion of the county; and the county shall expend same equally among the congressional townships in said unorganized territory, except that where the county has in said unorganized territory a portion of any congressional township only, there shall be expended in said portion of said congressional township only the proportion of the sum apportioned to congressional township that said fractional congressional township bears to a full congressional township. * * *"

Pursuant to the above provisions of law, a substantial sum was apportioned to Palisade township for the construction and maintenance of said secondary highways. After such apportionment was made, the board of county commissioners proceeded to lay out and construct certain roads in said township that constitute a portion of the secondary highways and to pay for the same out of the funds apportioned to said township for said purpose. Plaintiffs, claiming that said board in so doing, is acting in excess of its authority and usurping the powers and functions of the town-

ship board, brought this action to restrain and enjoin said county board from proceeding further with said work.

We may say in passing that the statutes of this state relating to the various highway systems are in a very unsatisfactory, confused, and conflicting condition, but, in view of the language used in chapter 184, Laws 1931, we are of the opinion that the township is entitled to the relief prayed for in this action.

The above-quoted statute provides that the fund so apportioned to the township "shall remain in the custody of the County Treasurer and shall be paid out only on warrants issued by the County Auditor in payment of claims for the construction, reconstruction or maintenance of roads and highways within the Township Highway System."

And it is because of this provision in the law that the county board claims it has the authority to construct such roads and pay for the same out of the funds apportioned to the township. It will be noted, however, that said section contains the further provision: "In case any county shall contain unorganized territory, the amount that would have gone to said territory, if organized into civil townships, shall be retained by the county and expended by the county upon the construction, reconstruction, and maintenance of roads and bridges of said unorganized portion of the county; and the county shall expend same equally among the congressional townships in said unorganized territory. * * *"

Had it been the intention of the Legislature that the county board should retain and expend the money apportioned to the organized townships, there would have been no occasion for separately specifying the manner of improving and paying for the improvements on roads in the unorganized townships as is done by the above statute. Both would have been treated alike.

We are therefore of the opinion that the county commissioners have no authority to expend the fund in question and that the expenditure thereof upon secondary highways is for the board of township supervisors. The precise scope of the authority of the township supervisors to make expenditures upon secondary highways, just what work of that kind they may do, and the extent to which they may be under the supervision of the county highway superintendent, are questions which are not presented by the rec-

ord and which need not be determined at this time. Cf. section 17, c. 333, Laws 1919; chapter 220, Laws 1919; Opinions Attorney General 1920, pp. 256, 284; Opinions 1922, p. 196; Opinions 1928, p. 190. The machinery for disbursing the fund for such purposes as the highway supervisors may lawfully be entitled to expend it should be the issuance of a warrant on the fund by the county auditor in payment of claims upon proper certificate of allowance by the board of township supervisors; the provisions of section 5948, R. C. 1919, being adequate, we think, to meet this situation, even though such claim would not be, in strictness, a "claim against the county."

The judgment appealed from is affirmed.

All the Judges concur.